UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBY De GARZON,

    Plaintiff,

v.                            Case No:8:13-cv-717-JDW-MAP

RED COATS INC., JEG WORLDWIDE
ENTERPRISES, INC. f/k/a/ AETNA MAINTENANCE, INC.,
LRA BUSINESS SOLUTIONS, INC. f//k/a
AMERICAN STAFF MANAGEMENT X, INC.,
LEASING RESOURCES OF AMERICA, INC.,
LEASING RESOURCES OF AMERICA 3, INC. and
MARLON YEPES,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RUBY De GARZON, by and through her undersigned counsel, hereby brings this action against Defendants, RED COATS INC., JEG WORLDWIDE ENTERPRISES, INC. f//k/a AETNA MAINTENANCE, INC., LRA BUSINESS SOLUTIONS, INC. f/k/a AMERICAN STAFF MANAGEMENT X, INC., LEASING RESOURCES OF AMERICA, INC., LEASING RESOURCES OF AMERICA 3, INC., and MARLON YEPES and states:

### JURISDICTION AND VENUE

1.    This is an action for damages exceeding $15,000.00 exclusive of interest and costs, and for declaratory relief under the Fair Labor Standards Act ("FLSA"), and attorney's fees and costs.

2.    Venue lies within this Judicial District because the events giving rise to this claim arose in this Judicial District.

## PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendants are authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

5. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA.

6. At all times material hereto, Plaintiff was an employee of Defendants.

7. At all times material hereto, Defendants were an "employer" within the meanings of the FLSA.

8. Defendants continue to be an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendants were, and continue to be an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

10. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

11. Plaintiff has satisfied all conditions precedent.

12. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff was employed by Defendants and misclassified as an exempt employee and paid a salary. Throughout her employment with Defendants, Plaintiff worked in excess of forty hours per week and was not paid any monies for overtime.

15. Plaintiff has worked for Defendants from on or about June 23, 2009 until the present.

16. Plaintiff was originally employed by Defendant JEG Worldwide Enterprises, Inc. f/k/a Aetna Maintenance, Inc. ("Aetna") as a janitor for office buildings, which contained businesses that engaged in interstate commerce.

17. At or around the time she was hired by Aetna, Aetna had entered into a client service agreement with Defendant LRA Business Solutions, Inc. f/k/a American Staff Management Company X, Inc. Pursuant to this agreement, Defendant LRA Business Solutions, Inc. was a co-employer with Aetna of Plaintiff. Additionally, in accordance with their agreement, Defendant LRA Business Solutions, Inc. assumed responsibility for payment of Plaintiff's wages without regard to payments by Aetna.

18. Plaintiff signed an employment agreement with Defendant LRA Business Solutions, Inc.

19. In or about December 2, 2010, Aetna entered into a client service agreement with Defendant Leasing Resources of America ("LRA"). Pursuant to this agreement, LRA was a co-employer with Aetna of Plaintiff. Additionally, in accordance with their agreement, LRA assumed responsibility for payment of Plaintiff's wages without regard to payments by Aetna. Defendant Leasing Resources of America 3, Inc. ("LRA 3") is a related business to LRA and was also responsible for the payment of Plaintiff's wages. Indeed, Plaintiff's most recent W-2 was issued by LRA 3.

20. Plaintiff signed an employment agreement with Defendant LRA.

21. In or around August 2012, Defendant Red Coats, Inc. ("Red Coats") purchased Aetna and began to employ Plaintiff. Moreover, Defendant Red Coats is a successor employer to Aetna and maintained Aetna's relationship with Defendant LRA and its related entities.

22. According to its website, Defendant Red Coats is "the largest, local provider of professional custodial services in the Washington DC Metropolitan area" and it has "multiple offices in Baltimore, Southern Virginia, North Carolina and Florida." Moreover, Defendant Red Coats employs "over 4,500 employees." Finally, Defendant Red Coats annual gross revenues are in excess of $500,000.00.

23. At all times material hereto, Plaintiff was supervised by Marlon Yepes. Defendant Yepes was responsible for the payment of Plaintiff's wages did not pay Plaintiff for the overtime hours she worked for Defendants.

## COUNT I – FLSA OVERTIME VIOLATIONS

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. During the statutory period, Plaintiff worked overtime hours while employed by Defendants and was not compensated for these hours in accordance with the FLSA.

26. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    (a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    (b) Judgment against Defendants that its violations of the FLSA were willful;

    (c) An equal amount to the overtime damages as liquidated damages;

    (d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    (e) A declaration that Defendants' practices as to Plaintiff were unlawful and grant Plaintiff equitable relief;

(f) All costs and attorney's fees incurred in prosecuting these claims; and

(g) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues and Counts.

Dated this 24th day of April, 2013.

Respectfully Submitted,

*/s/ Luis A. Cabassa*
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: mkimbrou@wfclaw.com
**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of April, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Michael W. Casey, III
Mark Beutler, Esquire
Duane Morris, LLP
200 South Biscayne Blvd.
Suite 3400
Miami, Florida 33131-2318
Counsel for Defendant Red Coats, Inc.

Nancy J. Stewig and Mark Barber
Broad and Cassel
100 North Tampa Street
Suite 3500
Tampa, Florida 33602
Counsel for Defendant Leasing Resources of America, Inc.

S. Gordon Hill
Jeffrey J. Wilcox
Hill Ward Henderson
101 E. Kennedy Blvd.
Suite 3700
Tampa, Florida 33602
Counsel for Defendant JEG Worldwide Enterprises, Inc.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following:

Steve J. Stanley
412 E. Madison Street
Suite 1111
Tampa, Florida 33602
Counsel for LRA Business Solutions, Inc.

                                                         */s/ Luis A. Cabassa*
                                                         **LUIS A. CABASSA**