# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RUBY DE GARZON,

      **Plaintiff,**

vs.                            **Case No. 8:13-cv-00717-T-27MAP**

RED COATS, INC., *et al.*,

      **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** is LRA Business Solutions, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 25). Upon consideration, the Amended Complaint contains factual allegations sufficient to provide Defendants with fair notice of Plaintiff's claim and that those allegations, when taken as true, state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).[1] Accordingly, LRA Business Solutions, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 25). **DENIED**.

      **DONE AND ORDERED** this _30th_ day of May, 2013.

                                     **JAMES D. WHITTEMORE**
                                     **United States District Judge**

Copies to: Counsel of Record

---

[1] While the determination of employment status under the Fair Labor Standards Act is a question of federal law, the determination requires an evaluation of the economic realities in an individual case. *Antenor v. D&S Farms*, 88 F.3d 925, 933 (11th Cir. 1996). This evaluation is not appropriate in connection with the pending motion to dismiss. *See Ashcroft*, 556 U.S. at 678 (noting that for purposes of a motion to dismiss for failure to state a claim, all factual allegations in a complaint must be accepted as true); *see also* 29 C.F.R. § 791.2(a) ("A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon *all the facts in the particular case*.") (emphasis added). *But see also Diaz v. U.S. Century Bank*, No. 12-21224-CIV, 2012 WL 2514906 (S.D. Fla. June 28, 2012) (concluding that factual allegations providing only "threadbare support" for isolated factors relevant to employment status determination did not raise plaintiff's right to relief above the speculative level as required to survive a motion to dismiss).